IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR76 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ISIDRO SERRANO-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 233) and the Motion to Amend (Filing No. 246) filed by the Defendant, Isidro Serrano-Lopez. The government filed an Answer (Filing No. 236) and a supporting brief (Filing No. 237). The Defendant requested leave to amend his petition.

**PROCEDURAL AND FACTUAL BACKGROUND**

After a jury trial, Serrano-Lopez was found guilty of a one-count Indictment charging him with possession of more than five kilograms of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). On appeal, the following issues were raised: sufficiency of the evidence; the district court's refusal to give a mere-presence instruction; and whether *Apprendi* required that the drug quantity be found beyond a reasonable doubt. The Eighth Circuit Court of Appeals affirmed this Court's judgment. *United States v. Serrano-Lopez,* 366 F.3d 628 (8th Cir. 2004).

In his § 2255 motion, Serrano-Lopez alleges: 1) unconstitutionality of the sentencing guidelines under *Blakely v. Washington,* 124 S. Ct. 2531 (2004); 2) ineffective assistance of trial counsel by not obtaining a mere-presence jury instruction, not filing a motion to

sever, presenting no witnesses in Serrano-Lopez's behalf, and in denying the Defendant his right to testify; and 3) a violation of the Jury Selection Act, 28 U.S.C. § 1867, and the fair cross section requirement of the Sixth Amendment as to both the grand and petit juries, because the petit jury pool included no Hispanic members.

On initial review, the Court required the government to answer all of the claims.

## ANALYSIS

### *Alleged* Blakely *and* Booker *Errors*

To the extent that Serrano-Lopez's arguments are based on *Booker,* decided on January 12, 2005, the claims are denied because his conviction was final before the *Booker* decision was announced. *Never Misses A Shot v. United States,* 413 F.3d 781, 783 (8th Cir. 2005).

Moreover, the issue is procedurally barred, as it was not raised in any manner at trial, sentencing, or on appeal. Serrano-Lopez has not overcome the procedural default by showing: 1) cause for the default; and 2) actual innocence. *McNeal v. United States,* 249 F.3d 747, 748 (2001).

For these reasons, the claim is denied.

### *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution guarantees that an accused shall have "the assistance of counsel for his defense." U.S. Const. amend. VI.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). In other words, Serrano-

Lopez has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Serrano-Lopez must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 487 U.S. at 689.

Specifically, Serrano-Lopez argues that his counsel was ineffective in failing to: file a motion to sever; provide a defense at trial; and allow Serrano-Lopez to exercise his right to testify at trial in his own behalf.

With respect to severance, counsel did file a motion to sever. (Filing No. 53.) The motion was denied, and no appeal was taken from the denial. (Filing No. 65.) Turning to the defense at trial, contrary to Serrano-Lopez's assertions his attorney, Carlos Monzon, former Assistant Federal Public Defender, delivered a zealous and vigorous defense throughout all stages of the case and trial. Serrano-Lopez has provided no particular names of witnesses or details indicating that Monzon's representation was in any way deficient. Finally, no evidence exists in the record indicating that Serrano-Lopez wished to testify, was denied that right, or was prejudiced as a result of any denial of the right to testify.

For these reasons, no basis exists in the record on which the performance of the Defendant's counsel could be characterized as deficient. The Court also does not find prejudice.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 233) is denied with prejudice;

2. The Defendant's Motion to Amend (Filing No. 246) is denied;

3. A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last-known address.

DATED this 19th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge